IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOLID Q HOLDINGS, LLC, a Utah limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>ARENAL ENERGY CORPORATION, a Texas corporation; RICHARD REINCKE, an individual; ERIC JOHNSON, an individual; BRIAN CHAPLIK, an individual; GUS SHOUSE, an individual; TOM BUIEL, an individual; and CHRIS COTA, an individual,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br><br>Case No. 2:15-cv-00419-DN<br><br>District Judge David Nuffer |

Defendant, Arenal Energy Corporation ("Arenal"), filed this motion to stay ("Motion to Stay")[1] in response to Plaintiff's Complaint ("Federal Complaint").[2] Arenal argues that a stay is warranted because the Utah Court of Appeals is considering the arbitrability of the case.[3] Plaintiff, Solid Q Holdings, LLC ("Solid"), opposes the Motion to Stay.[4] After review of the parties' documents on file in this case, and for the reasons set forth in this order, the Motion to Stay is DENIED.

---

[1] Motion for Stay of Proceedings ("Motion to Stay"), docket no. 15, filed August 5, 2015.

[2] Complaint ("Federal Complaint"), docket no. 2, filed June 15, 2015.

[3] Motion to Stay at 1.

[4] Opposition to Motion for Stay Proceedings ("Opposition Memorandum"), docket no. 16, filed August 19, 2015.

## BACKGROUND

The parties' dispute arises out of losses Solid allegedly suffered after investing with Arenal in 2012.[5] Solid alleges that Arenal requested a $150,000 loan to prepare for a public offering.[6] Solid claims that Arenal made false representations and material omissions in order to secure the loan. Arenal allegedly misrepresented to Solid, among other things, that it possessed valuable proprietary products (including a valuable patent pending product);[7] would be retaining a public policy management firm as a government contracting representative;[8] and was working with Major General James Comstock for product promotion and to market to the military.[9] Arenal also allegedly failed to disclose certain material information concerning Arenal's previous lawsuits.[10]

Solid alleges that it relied on these misrepresentations and material omissions to its detriment.[11] As a result, Solid entered into a series of promissory notes, beginning in July of 2012, ultimately loaning Arenal $150,000.[12] Arenal provided 1,500,000 shares of common stock as collateral.[13] Solid alleges that Arenal eventually breached the promissory notes and failed to make payments.[14] As penalty for breach of the promissory notes—but not in satisfaction of the obligation to repay the notes—Solid took ownership of the 1,500,000 shares of common stock.[15]

---

[5] Federal Complaint at ¶¶ 47–48.

[6] *Id.* at ¶ 14.

[7] *Id.* at ¶ 16.

[8] *Id.* at ¶ 22.

[9] *Id.* at ¶ 20.

[10] *Id.* at ¶¶ 40–46.

[11] *Id.* at ¶¶ 39, 68.

[12] *Id.* at ¶ 52.

[13] *Id.* at ¶ 73.

[14] *Id.* at ¶ 57.

[15] *Id.* at ¶¶ 58–59.

Solid also demanded payment on the interest and principal.[16] Solid alleges that Arenal ultimately

defaulted by failing to pay and meet other obligations in the promissory notes and the

accompanying addenda.[17] It is Solid's position that it has suffered financial loss due to Arenal's

shares decreasing in value due to Arenal's misrepresentations and material omissions.

Solid filed a complaint[18] against Arenal and others in the Fourth Judicial District Court in

the State of Utah on August 1, 2013 ("State Complaint").[19] Solid, in the State Complaint, sought

damages for alleged breach of contract,[20] breach of contract on personal guarantees,[21] civil

conspiracy,[22] and fraud.[23] In response, Arenal filed a Motion to Compel Arbitration and to Stay

Proceedings,[24] which the state trial court denied.[25] Arenal filed an interlocutory appeal on the

issue of arbitrability[26] which is currently pending before the Utah Court of Appeals.[27]

Solid later filed this action in the Central Division of the United States District Court,

District of Utah on June 15, 2015.[28] In the present action, Solid advances several causes of action

against Arenal and others including a violation of Section 10(b) of the Securities Exchange Act

---

[16] *Id.* at ¶¶ 58–60.

[17] Federal Complaint at ¶¶ 62–63.

[18] Civil Complaint ("State Complaint"), Exhibit A, docket no. 15-1, filed August 5, 2015.

[19] *Solid Q Holdings, LLC v. Arenal Energy Corporation*, Case No. 130401096, Fourth Judicial District, Utah County, State of Utah.

[20] State Complaint at ¶¶ 47–77.

[21] *Id.* at ¶¶ 58–64.

[22] *Id.* at ¶¶ 65–69.

[23] *Id.* at ¶¶ 70–80.

[24] State Court Docket at 2 ("State Court Docket"), Exhibit A, docket no. 15-1, filed August 5, 2015.

[25] *Id.* at 6.

[26] *Id.* at 10.

[27] Motion to Stay at 2 (citing Utah Court of Appeals Case No. 20140252-CA).

[28] Federal Complaint at 1.

of 1934 and Rule 10b-5,[29] control person liability of federal securities violations,[30] and Utah

securities violations.[31]

## STANDARD OF REVIEW

"It is well settled that the district court has the power to stay proceedings pending before

it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel,

and for litigants.'"[32] Thus, "[t]he granting of the stay ordinarily lies within the discretion of the

district court."[33] When determining whether to grant a motion to stay in general, courts will

determine "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid

confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or

create undue hardship."[34] Moreover, "where a movant seeks relief that would delay court

proceedings by other litigants he must make a strong showing of necessity because the relief

would severely affect the rights of others."[35] "Thus, even when the relief sought is only a stay of

the case in which the motion is made, 'the supplicant for a stay must make out a clear case of

hardship or inequity in being required to go forward, if there is even a fair possibility that the

stay for which he prays will work damage to someone else.'"[36]

---

[29] *Id.* at ¶¶ 72–84.

[30] *Id.* at ¶¶ 85–92.

[31] *Id.* at ¶¶ 93–104.

[32] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[33] *Id.*

[34] *Gale v. Brinker Int'l Payroll Co., L.P.*, 1:09-CV-129 TS, 2010 WL 3835215, *1 (D. Utah Sept. 29, 2010) (citation and quotation marks omitted).

[35] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir.1983).

[36] *Id.* (quoting *Landis,* 299 U.S. at 255).

## ANALYSIS

Arenal, in its Motion to Stay, asserts that the "[c]ontinuation of proceedings in [federal court] while an appeal concerning arbitrability of the parties' respective claims largely defeats the point of the appeal, unnecessarily creates a conflict with the Utah state courts, and creates a risk of inconsistent handling of the case by two tribunals."[37] Arenal provides several arguments in support of its Motion to Stay, which are addressed below.

### A. The Parties, Issues, and Relief are Different

Arenal argues that a stay of this federal action is appropriate because the state and federal actions involve identical parties, issues and relief.[38] Solid opposes Arenal's arguments, contending that the parties, issues, and relief are different.[39] Arenal replies that the additional individuals listed in the federal action are inconsequential because they were not involved in any securities-related matters of Arenal, and Solid's "federal securities claims are simply the state court fraud claims regarding the promissory note, recast as a federal securities violation."[40]

The parties in the state and federal action are not substantially similar. The federal action includes four additional individuals, and excludes another.[41] Whether the newly added individuals were involved in any securities-related matters cannot be properly resolved on this Motion to Stay.

Furthermore, the issues and requested relief also differ. The State Complaint alleges claims of breach of contract, conspiracy, and fraud.[42] The Federal Complaint alleges federal and

---

[37] Motion to Stay at 2.

[38] *Id.* at 6.

[39] Opposition Memorandum at 5.

[40] Reply to Plaintiff's Opposition to Defendant Arenal Energy Corporation's Motion for Stay of Proceedings ("Reply"), 4–5, docket no. 18, filed September 2, 2015.

[41] Federal Complaint at 1.

[42] State Complaint at 1–2.

state securities violations with facts not present in the State Complaint, such as Arenal's alleged

material omissions.[43] The State and Federal Complaints request different relief and are based

upon different claims which raise different issues.

### B. Federal Courts are not Required to Stay a Claim for a Pending State Appeal

Arenal argues that this action should be stayed because "all of the causes of action in both

the Federal Court Action and the State Court Action are subject to the same arbitration

provisions . . . pending appeal before the Utah Court of Appeals."[44] In opposition, Solid argues

that the state district court denied Arenal's motion to compel arbitration, and no arbitration

agreement exists.[45] Solid points out that Arenal has failed "to attach to its motion any agreement

between Plaintiff and the defendants . . . because no such agreement exists. In other words,

Arenal argues that this action is subject to an arbitration agreement but does not include any such

agreement and does not request that the Court compel arbitration in this action."[46] In its reply,

Arenal attaches an Agreement[47] signed by Shaun Shelton. Arenal argues that although Solid did

not sign the Agreement, Mr. Shelton (who owns Solid) did, and "[i]t is well established that a

claim against a non-signatory 'that is based upon the same operative facts and is inherently

inseparable from the claims against a signatory will always contain issues referable to arbitration

under an agreement in writing . . . .'"[48] Arenal concludes that the state appellate court must

---

[43] Federal Complaint at 10–13.

[44] Motion to Stay at 11.

[45] Opposition Memorandum at 6.

[46] *Id.*

[47] Advisory Board – Brownfield Site Consulting Agreement, Exhibit 1, docket no. 18-1, filed September 2, 2015.

[48] Reply at 9–10 (citing *Hill v. G E Power Systems, Inc.*, 282 F.3d 343, 347 (5th Cir. 2002) (internal quotation marks and citation omitted)).

decide the merits of the existence of an arbitration agreement before Solid can commence an

action in federal court.[49]

In support of its argument that a stay is required while an appeal is pending from a denial

of a motion to compel arbitration, Arenal cites cases such as *Blinco v. Green Tree Servicing*,[50]

*Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc.*,[51] and

*ExpressScipts, Inc. v. Aegon Direct Marketing Servs., Inc.*.[52] These cases are distinguishable from

the present case. Arenal's cited cases indicate that when an appeal is filed from a denial of a

motion to compel arbitration, a district court is divested of its power to proceed with a case. The

above reasoning applies to cases being appealed in the *same* judicial system. All of Arenal's

cited cases deal with the federal system. That is, they hold that a federal district court which has

denied a motion to compel arbitration is divested of its power to proceed with the case if the

order denying the motion to compel arbitration is appealed. Here, a *state* trial court denied a

Motion to Compel Arbitration, a *state* appellate court is deciding the appeal, and a *federal*

district court is considering the merits of different claims.

## C.  The State Securities Violation in not Precluded

Arenal further contends that the causes of action in the federal action "arise from the

same transactions and facts relating to the same parties" and should have been filed with the state

action.[53] Solid responds that the federal court maintains exclusive jurisdiction over the two

federal securities claims.[54] Solid, however, fails to significantly address whether the state

---

[49] *Id.* at 8–9.

[50] 366 F.3d 1249 (11th Cir. 2004).

[51] 128 F.3d 504 (7th Cir. 1997).

[52] No. 4:06-CV-1410 CAS, 2007 WL 1040938 (E.D. Mo. Apr. 3, 2007).

[53] Motion to Stay at 11.

[54] Opposition Memorandum at 3.

securities claim in this case should have been filed in the state action. In reply, Arenal points out that Solid makes no argument that the state securities claim should have been included in the State Complaint, and asserts the two federal securities claims are "simply the state court fraud claims regarding the promissory note."[55]

Federal courts have exclusive jurisdiction over federal securities claims pursuant to the 1934 Act.[56] "Where exclusive jurisdiction exists, only the federal courts can provide affirmative relief."[57] Solid is therefore correct that the federal securities claims could not have been filed in the state action. Arenal fails to support with any authority its argument that the state securities claim should have been filed previously in the state action.

Having considered all of the arguments above, Arenal has failed to make out the "clear case of hardship or equity" required for a stay.[58] Thus, its Motion to Stay must be denied.

## CONCLUSION

It is therefore ORDERED that Arenal's Motion for Stay of Proceedings[59] is DENIED.

Dated October 30, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[55] Reply at 5.

[56] 15 U.S.C. § 78aa(a); *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1222 (10th Cir. 2012).

[57] *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980).

[58] *Landis*, 299 U.S. at 254.

[59] Docket no. 15.