IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOLID Q HOLDINGS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ARENAL ENERGY CORPORATION, a Texas corporation; RICHARD REINCKE, an individual; ERIC JOHNSON, an individual; BRIAN CHAPLIK, an individual; GUS SHOUSE, an individual; TOM BUIEL, an individual; and CHRIS COTA, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br>Case No. 2:15-cv-00419-DN<br><br>District Judge David Nuffer |

Plaintiff, Solid Q Holdings, LLC ("Solid") filed this Request for Entry of Default ("Motion")[1] in response to Defendants' alleged failure to answer Solid's Complaint.[2] Defendant, Arenal Energy Corporation ("Arenal"), opposes the Motion.[3] After review of the parties' documents on file in this case, and for the reasons set forth herein, the Motion is DENIED.

## BACKGROUND

On June 17, 2015, Solid served this case on Defendant.[4] The answer deadline was twenty-one days later on July 8, 2015, and Arenal failed to file an answer by that date.[5] Solid

---

[1] Request for Entry of Default filed by Plaintiff Solid Q Holdings ("Motion"), docket no. 13, filed July 29, 2015.

[2] Motion at 1; Complaint ("Federal Complaint"), docket no. 2, filed June 15, 2015.

[3] Opposition to Motion for Default Judgment ("Opposition Memorandum"), docket no. 14, filed August 5, 2015.

[4] Certificate of Service, docket no. 12, filed July 13, 2015.

[5] Reply to Opposition to Motion for Default Judgment ("Reply") at 4, docket no. 17, filed August 19, 2015.

subsequently filed the present Motion against Arenal on July 29, 2015.[6] Before the Clerk of

Courts had an opportunity to grant Solid's Motion and enter a default, Arenal filed its Opposition

Memorandum to Solid's Motion.

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of a default

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default."[7]

An entry of default has not yet been entered in this case, but assuming the clerk had

granted an entry of default, the "court may set aside an entry of default for good cause."[8] Under

Rule 55(c), "[t]he principal factors in determining whether a defendant has met the good cause

standard are (1) whether the default was the result of culpable conduct of the defendant, (2)

whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the

defendant presented a meritorious defense."[8] Arenal argues that the Motion should be denied

because (1) it "was unaware of this complaint until very recently,"[9] and (2) "[Solid's] counsel

made no communication to [Arenal's] counsel that this federal action was being filed."[10]

### A.  Arenal's Conduct was not Culpable

"Generally a party's conduct will be considered culpable only if the party defaulted

willfully or has no excuse for default."[11]

---

[6] Motion at 1.

[7] Fed. R. Civ. P. 55(a).

[8] *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

[9] Opposition Memorandum at 1.

[10] *Id.* at 2.

[11] *Hunt*, 65 F.3d at *3.

Solid argues that it served Arenal on June 17, 2015 and an answer was due on July 8, 2015. Solid mentions that before it filed its Motion, it provided Arenal an additional twenty-one days—until July 29, 2015—to answer.[12] Solid points out that Arenal failed to answer even though Richard Reincke admits to learning about the action on July 23, 2015, six days before Solid filed the Motion. Solid further argues that Arenal "fails to proffer any reason why it did not know about the action initially."[13]

Arenal contends that Mr. Reincke was unaware of the Federal Complaint until July 23, 2015.[14] Mr. Reincke, in his declaration, states that he was informed that the complaint had been served on Arenal's Agent for Service of Process on July 16, 2015, although the complaint had actually been served a month earlier.[15] Arenal made arrangements to respond to the complaint based upon the incorrect date.[16] Arenal further contends that Solid's counsel failed to communicate to Arenal's counsel that this federal action was being filed despite a currently pending state action with the same counsel.[17]

Arenal did not willfully default, nor is it without excuse. Being misinformed of the filing date of the Federal Complaint, and lacking any communication with opposing counsel concerning the new complaint, does not amount to culpable conduct.

### B.  Neither Party Addresses Prejudice to the Plaintiff and Meritorious Defense

Solid failed to address the last two elements of the good cause standard in their written arguments. Therefore, the remaining elements are resolved against Solid.

---

[12] Reply at 4.

[13] *Id.*

[14] Declaration of Richard Reincke ¶ 8, docket no. 14-1, filed August 5, 2015.

[15] *Id.*

[16] *Id.* at ¶ 10.

[17] Opposition Memorandum at 2–3.

## CONCLUSION

It is therefore ORDERED that Solid's Request for Entry of Default[18] is DENIED. Arenal

is ORDERED to file its Answer to the Complaint with the Clerk of the Court within ten (10)

days of this Order.

Dated October 30, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[18] Docket no. 13.