IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOLID Q HOLDINGS, LLC, <br><br> Plaintiff. <br> v. <br><br> ARENAL ENERGY CORPORATION; RICHARD REINCKE; ERIC JOHNSON; BRIAN CHAPLIK; GUS SHOUSE; TOM BUIEL; and CHRIS COTA, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Case No. 2:15-cv-00419-DN-PMW <br><br> District Judge David Nuffer |

Solid Q. Holding, LLC alleges that defendants Arenal Energy Holding Corporation, Richard Reincke, Eric Johnson, Brian Chaplik, Gus Shouse, Tom Buiel and Chris Cota violated various state and federal securities laws.[1] Solid Q specifically alleges that Brian Chaplik is liable under Utah securities laws[2] and as a control person under Section 20(a) of the Securities Exchange Act.[3] Chaplik moves to dismiss the complaint for failure to state a claim for control person liability under federal securities law.[4] Solid Q responded in opposition.[5] And Chaplik replied in support of his motion.[6]

---

[1] Complaint, docket no. 2, filed June 15, 2015 at ¶¶ 72–104.

[2] Complaint ¶¶ 86–92.

[3] Complaint ¶¶ 87, 97, 5. Section 20(a) of the Securities Exchange Act 15 U.S.C. § 78t.

[4] Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) ("Motion") at 4–6, docket no. 44, filed August 26, 2016. Chaplik withdrew the portion of the motion that sought to dismiss Solid Q's state law claims. Reply Memorandum in Support of Motion to Dismiss ("Reply") at 2, n.1, docket no. 46, filed September 30, 2016. Accordingly this order only applies to the federal law claims regarding Brian Chaplik and no other defendants listed in Solid Q's Complaint.

[5] Memorandum in Opposition to Dismiss ("Opposition"), docket no. 46, filed Sept. 7, 2016.

[6] Memorandum in Support of Motion to Dismiss ("Reply"), docket no. 52, filed Sept. 30, 2016.

Because Solid Q failed to plead sufficient facts to support its claim for control person liability, Chaplik's Motion to dismiss is GRANTED.

## ALLEGED FACTS[7]

Solid Q loaned Arenal $150,000 to go public. Solid Q alleges that it made the loan based on Arenal's alleged material misrepresentations and omissions.[8] Solid Q alleges that these omissions and misrepresentations violated both Utah and Federal Securities laws.[9]

Solid Q alleges that Chaplik held a "high-level officer or director position" in Arenal[10] at the time these representations were made.[11] Solid Q further alleges that Chaplik "knew of the representations"[12] made by Arenal's agents, "had power to control or influence the representations,"[13] "exercised said power to control or influence the representations,"[14] "knew of the omissions"[15] made by Arenal's agents, and "had control over the representations made"[16] by Arenal's agents.

## STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

A defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[17] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the

---

[7] The allegations provided in this section derive from Solid Q's Complaint. For purposes of this memorandum decision and order, the Plaintiff's allegations are assumed to be true.

[8] Complaint ¶ 52, ¶¶ 14–46.

[9] *Id.* at 10–14.

[10] *Id.* ¶ 87.

[11] *Id.* ¶ 97.

[12] *Id.* ¶ 88.

[13] *Id.* ¶ 89.

[14] *Id.* ¶ 90.

[15] *Id.* ¶ 91.

[16] *Id.* ¶ 92.

[17] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

complaint is presumed, but conclusory allegations need not be considered.[18] A court is not bound to accept the complaint's legal conclusions and opinions, whether or not they are couched as facts.[19] However, for the purposes of a motion to dismiss brought under Rule 12(b)(6), a court must accept all well-pled factual allegations in the complaint as true.[20] Yet a court "will disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable."[21]

The United States Supreme Court has held that satisfying the basic pleading requirements of the federal rules "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[22] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[23] Furthermore, "naked assertions devoid of further factual enhancement,"[24] do not state a claim sufficiently to survive a motion to dismiss.

"But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[25] That is, "[t]he allegations must be enough that, if assumed to be true, the

---

[18] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[19] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[20] *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126–27 (10th Cir. 1998).

[21] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

[23] *Id.*

[24] *Id.*

[25] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

plaintiff plausibly (not just speculatively) has a claim for relief."[26] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[27]

## DISCUSSION

Section 20(a) of the 1934 Securities Exchange Act states that "[e]very person who, directly or indirectly, controls any person liable [for federal securities violations] shall also be liable jointly and severally."[28] This section of the Act "has been interpreted as requiring only some indirect means of discipline or influence short of actual direction to hold a 'controlling person' liable."[29] Accordingly, "the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person."[30] The second element of this test requires that the plaintiff "point to facts which indicate that the defendant has 'possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.'"[31]

In *Adams*, the Tenth Circuit found that merely pleading that a member of the board of directors was a control person was insufficient because the plaintiff had not sufficiently pled "facts from which it can be reasonably inferred that" the defendant had sufficient power to be a

---

[26] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247–48 (10th Cir. 2008).

[27] *Id.* at 1248.

[28] 15 U.S.C. § 78t.

[29] *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998) (quoting *Richardson v. MacArthur*, 451 F.2d 35 (10th Cir. 1971)).

[30] *Adams v. Kinder-Morgan Inc.*, 340 F.3d 1083, 1107 (10th Cir. 2003) (quoting *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1270–71, citing *Maher v. Durango Metals, Inc.*, 144 F.3d 1302 (10th Cir. 1998)).

[31] *Id*. at 1108 (quoting 17 C.F.R. § 230.405).

control person.[32] *Adams* also stated that "[t]he assertion that a person was a member of a corporation's board of directors, without any allegation that the person individually exerted control or influence over the day-to-day operations of the company, does not suffice to support an allegation that the person is a control person."[33] *Adams* held that the plaintiff "pled [adequate] facts supporting the allegation" that the defendant who was named the Chairman, CEO, and President of the company was a control person precisely because the plaintiff provided facts regarding the defendant's exact positions and the defendant's actual control.[34]

Solid Q's Complaint only alleges that Chaplik is a "high-level officer or director position."[35] This is insufficient. With this information alone, it is not factually clear whether or not Chaplik asserted control over the individuals employed by Arenal sufficient to establish his status as a control person. If "a plaintiff does not plead any facts from which it can be reasonably inferred that the defendant was a control person" dismissal under Rule 12(b)(6) is appropriate.[36] "[N]aked assertions devoid of further factual enhancement,"[37] do not sufficiently state a claim to survive a motion to dismiss. Because Solid Q has not provided sufficient facts to support its allegations regarding Chaplik's specific position at Arenal, Solid Q's claim regarding control person liability against Chaplik cannot survive a motion to dismiss.

---

[32] *Id*. at 1108.

[33] *Id*.

[34] *Id*.

[35] Complaint ¶ 87.

[36] *Maher*, 144 F.3d at 1305–06 (quoting *Richardson* 451 F.2d at 35).

[37] *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[38] the second claim for relief against Brian Chaplik is GRANTED WITHOUT PREJUDICE. Plaintiff may file a complaint amending the second cause of action within 14 days.

Signed February 27, 2017.

BY THE COURT

David Nuffer
United States District Judge

---

[38] Docket no. 44, filed August 26, 2016.