IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOLID Q HOLDING, LLC,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>ARENAL ENERGY CORPORATION, RICHARD REINCKE, ERIC JOHNSON, BRIAN CHAPLIK, GUS SHOUSE, TOM BUIEL, and CHRIS COTA,<br><br><div align="center">Defendant.</div> | **MEMORANDUM DECISION AND ORDER DENYING [54] MOTION TO DISMISS**<br><br>Case No. 2:15-cv-00419-DN<br><br>District Judge David Nuffer |

Defendant Richard Reincke makes a limited appearance to move to dismiss the case based on a mandatory forum selection clause and the doctrine of forum non conveniens.[1] The plaintiff Solid Q Holdings, LLC, responded in opposition.[2] Reincke replied in support of his motion.[3]

Because Solid Q's causes of action are outside the scope of the forum selection clause, the Motion is DENIED.

## BACKGROUND

Solid Q alleges it loaned Arenal $150,000 based on material misrepresentations made by the defendants. The terms of that loan were memorialized in a promissory note.[4] The promissory

---

[1] Notice of Motion and Motion to Dismiss Case Based on a Mandatory Forum Selection Clause and the Doctrine of Forum Non Conveniens (Motion), docket no. 54, filed October 11, 2016.

[2] Memorandum in Opposition to Defendant Reincke's Motion to Dismiss (Opposition), docket no. 56, filed November 3, 2016.

[3] Defendant Richard Reincke's Reply to Plaintiff's Opposition to Motion to Dismiss Case Based on a Mandatory Forum Selection Clause and the Doctrine of Forum Non Conveniens (Reply), docket no. 57, filed November 28, 2016.

[4] Exhibit 1 to Declaration of Richard Reincke, docket no. 55, filed October 11, 2016.

note contains the following clause: "This Note will be governed by, construed and enforced in accordance with federal law and the laws of the State of Utah. Jurisdiction shall lie exclusively within the courts of the State of Utah."[5]

The causes of action are based on federal and state securities laws.[6]

Reincke argues the forum selection clause requires a Utah state court to hear the dispute because it says "courts *of* the State of Utah," and not "courts *in* the state of Utah."[7] Solid Q does not refute Reincke's prepositional explication. Instead, it focuses on either avoiding the implications of the forum selection clause or undermining its validity. First, Solid Q argues that the purported forum selection clause is invalid because 15 U.S.C. § 78aa confers "exclusive jurisdiction" on federal courts for any violations of the Securities Exchange Act.[8] Second, Solid Q argues that the forum selection clause does not govern the causes of action in this case.[9] And third, Solid Q argues that the forum selection clause "is unfair."[10]

Because the motion is resolved with Sold Q's second argument, it is not necessary to reach the third.

## DISCUSSION

"Forum selection provisions are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."[11] Solid Q

---

[5] *Id.* at 4.

[6] Complaint ¶¶ 72–104, docket no. 2, filed June 15, 2015.

[7] Motion at 8.

[8] *Id.* at 3–4.

[9] *Id.* at 4–5.

[10] *Id.* at 6–8.

[11] *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir. 1992).

attempts to prove the forum selection clause is invalid or, in the alternative, that it does not apply to this litigation. The clause may valid but it is not applicable.

### 1. Waiving federal jurisdiction does not violate the Securities Exchange Act.

Solid Q argues that the forum selection clause is invalid because it seeks to circumvent 15 U.S.C. § 78aa, which states: "The district courts of the United States . . . shall have exclusive jurisdiction of violations." Circumventing this provision, according to Solid Q, runs afoul 15 U.S.C. § 78cc, which states: "Any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any rule of a self-regulatory organization, shall be void."[12] Solid Q does not cite any case where a court disregarded a forum selection clause as violating 15 U.S.C. § 78cc.

The Supreme Court stated in *Shearson/American Exp., Inc. v. McMahon*[13] that the jurisdictional statement in § 78aa

> does not impose any duty with which persons trading in securities must 'comply.'
> By its terms, [§ 78cc] only prohibits waiver of the substantive obligations
> imposed by the Exchange Act. Because [the jurisdiction statement] does not
> impose any statutory duties, its waiver does not constitute a waiver of
> 'compliance with any provision' of the Exchange Act under [§ 78cc].[14]

Accordingly, the Supreme Court held that parties may waive the exclusive federal jurisdiction in favor of arbitration.[15] Numerous circuit courts have found that parties may waive the exclusive federal jurisdiction in favor of foreign jurisdiction.[16] And numerous courts have

---

[12] 15 U.S.C.A. § 78cc (West 2016).

[13] 482 U.S. 220 (1987).

[14] *Id.* at 228.

[15] *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220 (1987).

[16] *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir. 1992); *Roby v. Corporation of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993) (finding the forum selection clause valid extinguished the federal statutory claims because they were not recognized in foreign jurisdiction).

even found that parties may waive the exclusive federal jurisdiction in favor of state jurisdiction.[17]

Therefore, the forum selection clause in the Promissory Note does not violate § 78cc.

**2. Solid Q's causes of action are outside the scope of the forum selection clause.**

Solid Q next argues that the claims are outside the scope of the forum selection clause.

When the claims are facially unrelated to the enforcement of the contract, the question becomes whether the forum selection clause "support[s] a distinction between contract claims and tort claims."[18] The Utah Supreme Court in *Energy Claims* determined that the forum selection clause did not support such a distinction:

> The clause at issue here governs "any dispute, controversy or claim" that is "related to" the parties' contract . . . . Accordingly, ECL's claims [for breach of fiduciary duty] clearly "relate to" the contract and fall within the broad category of "any dispute, controversy or claim." Thus, we agree with the court of appeals' conclusion that the forum selection clause is sufficiently broad to cover the tort claims.

By contrast, the Utah Court of Appeals found that the clause in *Diversified Striping Systems, Inc. v. Kraus*[19] did support a distinction. The clause in question stated that it applied to "action[s] or proceeding[s] seeking to interpret or enforce the provisions."[20] The court determined that the clause did not encompass the alleged tort claims, which included a claim for fraud,[21] because they "do not seek to interpret or enforce the provisions of the parties' agreement."[22]

---

[17] *See, e.g.*, *Spenta Enterprises, Ltd. v. Coleman*, 574 F.Supp.2d 851 (N.D. Ill. 2008).

[18] *Energy Claims Ltd. v. Catalyst Inv. Group Ltd.*, 325 P.3d 70, 83 (Utah 2014).

[19] 341 P.3d 932 (Utah Ct. App. 2014)

[20] *Id.* at 933–34.

[21] *Id.* at 933.

[22] *Id.* at 934.

Similar to *Diversified*, the forum selection clause in this case is narrow. The first sentence limits its scope: "This Note will be governed by, construed and enforced in accordance with federal law and the laws of the State of Utah." By limiting the effect of the clause to actions related to "[t]his Note," the clause makes a distinction between claims related to the promissory note itself and other, non-contract based claims.

Therefore, Solid Q's securities claims are outside the scope of the promissory note. The actions will not be dismissed.

## ORDER

IT IS HEREBY ORDERED that the Notice of Motion and Motion to Dismiss Case Based on a Mandatory Forum Selection Clause and the Doctrine of Forum Non Conveniens[23] is DENIED.

Signed March 8, 2017.

BY THE COURT

District Judge David Nuffer

---

[23] Docket no. 54, filed October 11, 2016.