IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOLID Q HOLDINGS, LLC,<br><br>                      Plaintiff,<br>v.<br><br>ARENAL ENERGY CORPORATION; RICHARD REINCKE; ERIC JOHNSON; BRIAN CHAPLIK; GUS SHOUSE; TOM BUIEL; and CHRIS COTA,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [64] MOTION TO RECONSIDER**<br><br>Case No. 2:15-cv-00419-DN<br><br>District Judge David Nuffer |

Defendant Richard Reincke moves for reconsideration of an earlier motion.[1] Plaintiff Solid Q Holdings, LLC (Solid Q), responds in opposition.[2] Reincke did not reply in support of his motion and the time for doing so has expired.[3]

Because the forum selection clause does not cover securities law claims and because Solid Q sufficiently alleged fraud under the securities laws, the Motion to Reconsider is DENIED.

## BACKGROUND

Solid Q filed suit in the Fourth Judicial District Court in the State of Utah on August 1, 2013 (State Complaint).[4] The State Complaint brings four causes of action against Arenal

---

[1] Notice of Motion and Motion for Reconsideration of Motion to Dismiss Case Based on a Mandatory Forum Selection Clause and the Doctrine of Forum Non Conveniens (Motion to Reconsider), docket no. 64, filed March 20, 2017.

[2] Memorandum in Opposition to Defendant Reincke's Motion to Dismiss (Opposition), docket no. 66, filed April 3, 2017.

[3] DUCivR 7-1(b)(3)(B) (providing 14 days to file reply memorandum).

[4] Civil Complaint (State Complaint), Exhibit A, docket no. 15-1, filed August 5, 2015.

Energy Corporation, Richard Reincke, Eric Johnson, and Lars Johnson.[5] The first cause of action is against Arenal for breach of the Promissory Note (Note).[6] The second cause of action is against Reincke and Eric Johnson for breach of the Note.[7] And the third and fourth causes of action are against the individual defendants for, respectively, civil conspiracy[8] and fraud.[9]

This federal case (Federal Complaint) has three causes of action.[10] The first, for violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5;[11] the second, for control person liability under § 10(b) and Rule 10b-5;[12] and the third, for Utah securities violations.[13]

Reincke filed a Motion to Dismiss[14] the Federal Complaint. In the Motion, Reincke argued that a forum selection clause in the Note requires "any disputes to be heard exclusively within [Utah] state court, not federal court."[15] Reincke argues that all three securities claims must be heard by a Utah state court. The forum selection clause states:

> This Note will be governed by, construed and enforced in accordance with federal law and the laws of the State of Utah. Jurisdiction shall lie exclusively within the courts of the State of Utah.[16]

---

[5] *Id.* at 1.

[6] *Id.* at 6–7. The Note is found at Exhibit 1 to Declaration of Richard Reincke (Note), docket no. 55, filed October 11, 2016.

[7] *Id.* at 7.

[8] *Id.* at 8.

[9] *Id.* at 8–9.

[10] Complaint (Federal Complaint), docket no. 2, filed June 15, 2015.

[11] *Id.* ¶¶ 72–84.

[12] *Id.* ¶¶ 85–92.

[13] *Id.* ¶¶ 93–104.

[14] Notice of Motion and Motion for Reconsideration of Motion to Dismiss Case Based on a Mandatory Forum Selection Clause and the Doctrine of Forum Non Conveniens (Motion to Dismiss), docket no. 54, filed October 11, 2016.

[15] *Id.* at 4.

[16] Note at 4.

The Memorandum Decision and Order Denying [54] Motion to Dismiss (Order) reviewed relevant Utah case law, and determined that the phrase "[t]his Note" limited the scope of the forum selection clause to actions related to the Note itself (*i.e.* contractual claims) and therefore did not apply to Solid Q's securities claims.[17]

## DISCUSSION

Reincke makes numerous arguments for reconsideration of the Motion to Dismiss. Solid Q refutes most of Reincke's arguments on their substance. Solid Q also argues that Reincke's arguments are procedurally flawed because they rehash arguments already considered in the Order.

"A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[18] They are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[19] In short, "[a]bsent extraordinary circumstances . . . , the basis for the second motion must not have been available at the time the first motion was filed."[20]

Solid Q is correct.[21] Much of Reincke's Motion is an attempt to reargue issues previously addressed. Notwithstanding, even when the issues are considered anew, the outcome does not change.

---

[17] Memorandum Decision and Order Denying [54] Motion to Dismiss (Order), docket no. 61, entered February 28, 2018.

[18] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[19] *Id.*

[20] *Id.*

[21] Opposition at 2–3.

1. *Baldwin* **does not apply.**

Reincke argues that, similar to *Baldwin v. Aviva Life & Annuity Company*,[22] the forum selection clause in this case covers tort claims.[23] Solid Q argues that *Baldwin* does not apply.[24]

*Baldwin* is distinguishable in important ways.[25] The forum selection clause in *Baldwin* stated that "'*any and all* disputes which may arise with respect to this Contract' are to be litigated in the 'District Court of Polk County, Iowa.'"[26] The court determined that the clause in question was "sufficiently broad" to cover tort claims.[27]

"This Note"[28] is narrower than "any and all dispute." As previously held, it is not sufficiently broad to include securities claims.[29] And this clause states that jurisdiction of actions on the Note—presumably that seek to govern, construe and enforce it—are to be brought in Utah state courts, while the *Baldwin* clause embraced "disputes which may arise with respect to this Contract." "[D]isputes . . . with respect to" a document may extend beyond actions to govern, construe and enforce. Therefore, Solid Q is not required by *Baldwin* to submit its securities claims in a Utah state court.

2. **The "Default" provision does not expand the scope of the forum selection clause.**

Referring to the Default provision in the Note, Reincke argues that Solid Q's securities claims arise out of the Note because the

---

[22] No. 2:16-cv-00202-DN, 2017 WL 722001 (D. Utah Feb. 23, 2017).

[23] Motion at 4.

[24] Opposition at 1–2.

[25] Much of *Baldwin*'s analysis does not apply. For example, there is no question in this case of whether the forum selection clause is mandatory or whether Utah law governs. *See* Opposition at 5.

[26] *Baldwin*, 2017 WL 722001 at *7 (emphasis in original).

[27] *Id.* at *6.

[28] Note at 4.

[29] Order at 4–5.

Note *IS* the security on which Plaintiff's [sic] base their [sic] federal and state securities claims, and the alleged "false or misleading" "warranty, representation or statement[s] made or furnished to Lenders by Borrower or on Borrower's behalf under this Note" *ARE* the alleged "misrepresentations and omissions" that form the factual basis of Plaintiff's securities claims.[30]

Solid Q does not respond to this argument.

At the outset, whether the Note is *the* security is not as clear as Reincke would make it seem. In fact, his fellow defendant Arenal Energy Corporation persuasively argued that "the promissory note is not a security within the meaning of federal securities laws."[31]

But even if it were, the analysis above would not change. The Note would still be a contract. And the question would still be whether the language in the forum selection clause covers non-contract based claims. In this case, it does not.

3. **But even if the forum selection clause covers securities claims, Solid Q successfully pleaded that it was fraudulently obtained.**

Solid Q argues that even if the Note's forum selection clause covers the securities claims, the clause does not apply because it was fraudulently obtained.[32] Reincke does not reply.

Under Utah law,[33] a plaintiff can bring an action in violation of a choice-of-forum provision if it can "show that . . . the choice-of-forum provision was obtained by fraud, duress, the abuse of economic power, or other unconscionable means."[34] *Energy Claims Limited v. Catalyst Investment Group Limited*[35] allows a "plaintiff's claim that the contract was entered into

---

[30] Motion to reconsider at 6–7 (emphasis and alteration in original).

[31] Reply to Plaintiff's Opposition to Defendant Arenal Energy Corporation's Motion for Stay of Proceedings at 5–6, docket no. 18, filed September 2, 2015.

[32] Opposition at 5–8.

[33] Eliding portions of the analysis because there is no question Utah law applies. *See* Motion at 4; Opposition at 5.

[34] *Prows v. Pinpoint Retail Systems, Inc.*, 868 P.2d 809, 812 n.5 (Utah 1993).

[35] 325 P.3d 70 (Utah 2014).

5

fraudulently to be sufficient to render the forum selection clause unenforceable."[36] To avoid improper rejection of a forum selection clause due to "artful pleading," there are two procedural safeguards: "(a) [plaintiffs] are required to plead fraud with particularity, and (b) the district court has the discretion to order an evidentiary hearing."[37]

### a. Solid Q pleaded fraud with particularity.

To plead fraud with particularity, the "plaintiff is required to provide a sufficiently clear and specific description of the facts underlying the plaintiff's claim of fraud."[38] Specifically, in arguing that a contractual agreement was obtained fraudulently, the "plaintiff is . . . required to plead with particularity the circumstances leading to the fraudulent inducement of the contract."[39]

Solid Q provides "a sufficiently clear and specific description of the facts underlying [its] claim of fraud."[40] In paragraphs 14–46 of the Federal Complaint, Solid Q details the material misrepresentations and omissions that lead to the fraudulent inducement of the Note. For instance, Solid Q states that to induce it to enter into the Note, the defendants represented the following: that Arenal "had proprietary products of high value, including an impressive patent-pending product that was highly valuable[, but] Arenal now admits that it never had a patent-pending product";[41] that "Arenal had capped share issuance at 10,000,000 shares[, but] Arenal now admits that it issued more than 10,000,000 shares";[42] "that Major General James Comstock

---

[36] *Id.* at 85.

[37] *Id.* at 85–86.

[38] *Id.* at 86 (internal quotation marks and brackets omitted).

[39] *Id.*

[40] *Id.* at 85–86.

[41] Federal Complaint ¶¶ 16–17.

[42] *Id.* ¶¶ 18–19.

6

was working with Arenal to list its products on the U.S. GSA . . . Schedule, assist in top-down marketing to the military, and assist in promoting Arenal's MIL-BAC product[, but] Arenal now admits that General Comstock assisted Arenal only in an advisory role."[43] Many more allegations of fraudulent inducements follow. This is a sufficiently clear description of fraud to satisfy Solid Q's burden of particularity.

### b. An evidentiary hearing is not necessary.

In *Energy Claims Limited*, the Utah Supreme Court said that "should the district court deem it necessary, it has the discretion to hold an evidentiary hearing on the allegations of fraud or overreaching before deciding whether to enforce the challenged forum selection clause."[44] In actions "where the entire case may hinge on the enforceability of the contract," a hearing may be appropriate.[45]

As discussed above, this case is not contract-centric. The Note may eventually play an important role. But Solid Q's claims are about potential security fraud. Therefore, an evidentiary hearing is not necessary. The allegations of fraud are sufficient.

### CONCLUSION

In compliance with the Note's forum selection clause, Solid Q's State Complaint, which focusses on contractual claims on the Note,[46] was brought in a Utah state court. By contrast, Solid Q's Federal Complaint focusses on securities claims that are not subject to the Note's forum selection clause. Those claims are properly before this court.

---

[43] *Id.* ¶¶ 20–21.

[44] *Energy Claims Ltd.*, 325 P.3d at 86.

[45] *Id.*

[46] State Complaint ¶¶ 47–64.

## ORDER

IT IS HEREBY ORDERED that the Motion[47] is DENIED.

Signed May 23, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[47] Notice of Motion and Motion for Reconsideration of Motion to Dismiss Case Based on a Mandatory Forum Selection Clause and the Doctrine of Forum Non Conveniens, docket no. 64, filed March 20, 2017.