IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOLID Q HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARENAL ENERGY CORPORATION,<br>RICHARD REINCKE, ERIC JOHNSON,<br>BRIAN CHAPLIK, GUS SHOUSE,<br>TOM BUIEL, and CHRIS COTA,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER GRANTING<br>MOTION FOR STAY**<br><br>Case No. 2:15-cv-419-DN<br><br>District Judge David Nuffer |

Defendant Richard Reincke filed a Motion for Stay ("Motion"),[1] in which he requests that all proceedings in this action be stayed until after resolution of a pending criminal prosecution against him (the "Criminal Case").[2] Because the interests of justice require that this action be stayed during the pendency of the Criminal Case against Reincke, the Motion[3] is GRANTED.

## DISCUSSION

Courts have discretionary authority to stay a case if the interests of justice so require.[4] In making this determination, courts consider these six factors:[5]

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously

---

[1] Docket no. 83, filed August 17, 2018.

[2] *State v. Reincke*, Case No. 181900698 (Utah 3rd Dist. Ct., Salt Lake County).

[3] Motion, *supra* note 1.

[4] *See Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

[5] *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-cv-605, 2006 WL 2471524, *1 (10th Cir. Aug. 24, 2006).

weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.[6]

Here, the balance of these six factors favors granting the Motion. First, there is—as Plaintiff Solid Q Holdings LLC ("Solid Q") concedes—"significant overlap between the criminal and civil case."[7] Second, the status of the case—as Solid Q further concedes—"weigh[s] in favor of a stay"[8] because Reincke "has already been indicted for the same conduct" at issue here.[9] Third, while Solid Q has an interest in proceeding expeditiously in this case, there is no evidence that a delay will materially prejudice Solid Q, especially where Solid Q's principals are the alleged victims on whose behalf the State is pursuing the Criminal Case, and both cases will necessarily involve the same witnesses and evidence.[10] Fourth, Solid Q's interest in proceeding expeditiously in this case is "trumped by [Reincke's] interests in avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case";[11] thus—as Solid Q again concedes—"[t]his factor lean[s] … in favor of" Reincke.[12] Fifth, judicial efficiency favors granting a stay, as both cases seek relief based on Utah securities statutes, and the "resolution of the criminal case may increase the possibility of settlement of the civil case due to the high standard of proof required in a criminal prosecution."[13] And, sixth, there is no evidence that a stay will cause serious or immediate injury to any public interest.

---

[6] *Transworld*, 886 F. Supp. at 1139 (citations omitted).

[7] Memorandum in Opposition to Motion to Stay ("Opposition"), at 2, docket no. 88, filed August 30, 2018.

[8] *Id.*

[9] *Transworld*, 886 F. Supp. at 1139.

[10] *See* Information, docket no. 83-1, filed August 17, 2018.

[11] *Transworld*, 886 F. Supp. at 1140.

[12] Opposition, *supra* note 7, at 3.

[13] *Transworld*, 886 F. Supp. at 1140.

Considering the factors discussed above, and given the totality of the circumstances, the interests of justice require that this action be stayed as to Reincke until the resolution of the Criminal Case against him.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[14] is GRANTED. This action is stayed as to Reincke pending the resolution of the criminal charges against him in the Criminal Case.[15]

The parties are directed to file a status report every three months. Within 14 days after resolution of the criminal charges against Reincke, a status report shall be filed, together with a motion to lift the stay, a proposed schedule for resolution of claims remaining in this case, an attorney planning meeting report, and a proposed scheduling order. The proposed scheduling order shall also be emailed in Word format to dj.nuffer@utd.uscourts.gov.

Signed October 23, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[14] Docket no. 83, filed August 17, 2018.

[15] *See supra* note 2.